UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY NORTHINGTON,

        Plaintiff,

v.

BADAWI M. ABDELLATIF, LISA ADRAY,
RASHED BASHIR, PATRICK J. GEML,
GARY KIRSTEIN, JEFFREY C. STIEVE,
EUNICE TAYLOR, HEIDI WASHINGTON,
and DANIEL HEYNS.

        Defendants.

_____/

Case No. 16-cv-12931

Paul D. Borman
United States District Judge

<u>OPINION AND ORDER:
(1) DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 159);
(2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING ORDER DATED 24 JULY 2019 (ECF NO. 216);
(3) DENYING PLAINTIFF'S MOTION TO CONSOLIDATE WITH CASE 19-12329 (ECF NO. 233);
(4) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THE PROSPECTIVE CONSOLIDATED COMPLAINT (ECF NO. 236);
(5) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO REPLY TO MDOC DEFENDANTS' OPPOSITION (ECF NO. 240); and
(6) GRANTING ATTORNEY JOHN C. CARDELLO'S MOTION TO WITHDRAW AS COUNSEL (ECF NO. 235)</u>

## I. INTRODUCTION

Before the Court are several pending motions that Plaintiff Gary Northington has filed in this *pro se* civil rights lawsuit against various prison medical providers and Michigan Department of Corrections (MDOC) employees.

(ECF Nos. 159, 216, 233, 236, 240.) Attorney for Defendants Badawi Abdellatif, M.D.; Patrick Geml, P.A.; and Rasheed Bashir, M.D., John C. Cardello has also filed a Motion to Withdraw as counsel. (ECF No. 235.) Also pending are Defendants' Motions for Summary Judgement (ECF Nos. 153 & 173), which will be resolved by a separate Opinion and Order.

## II. ANALYSIS

### A. ECF No. 159: Plaintiff's Motion for Relief from Judgment of Part of Opinion and Order (ECF No. 128) Accepting R and R (ECF No. 112) on Dismissal of Defendants Russell and Trouten

On January 7, 2019, Northington filed a Motion for Relief from Judgment (ECF No. 159) regarding the Court's August 3, 2018 Opinion and Order Adopting the Majority of the Magistrate Judge's Report and Recommendations. (ECF No. 128.) In the Motion, Northington asks the Court to vacate the portion of the August 3, 2018 Opinion and Order that denied his request to amend his complaint to add Richard D. Russell and Michael A. Trouten as defendants. (ECF No. 159, Motion for Relief from Judgment, PgID 2458.) The Court denies this Motion for Relief from Judgment because it is untimely, successive, and fails to show just cause for granting the relief requested.

Northington's Motion for Relief from Judgment (ECF No. 159) is an untimely and successive Motion for Reconsideration. Northington relies on Federal Rule of Civil Procedure 60(b) as the basis for the relief he requests. (*Id.* at PgID

2

2469–70.) That rule, however, is inapplicable here, because it applies only to final judgments. Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding. . ."). The Court's August 3, 2018 Opinion and Order (ECF No. 128) is not a final judgment because it "adjudicates fewer than all the claims." Fed. R. Civ. P. 54(b). The Court recognizes that it has the "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment," *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991), but notes that, in the Eastern District of Michigan, motions for reconsideration are governed by Local Rule 7.1(h). This rule requires parties to file the motion "within 14 days after entry of the judgment or order" and show "a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled," which, if corrected, "will result in a different disposition of the case." E.D. Mich. LR 7.1(h). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Michigan Dep't of Envtl. Quality v. City of Flint*, 296 F. Supp. 3d 842, 847 (E.D. Mich. 2017). Generally, motions for reconsideration "may not be used to raise issues that could have been raised in the previous motion." *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir. 2012).

Here, Northington filed his Motion for Relief from Judgment (ECF No. 159) on January 7, 2019, 157 days after the August 3, 2018 Opinion and Order (ECF

3

No. 128). The Motion is therefore not timely under Local Rule 7.1(h). Northington also filed a different Motion for Reconsideration of the Court's August 3, 2018 Opinion and Order (ECF No. 128) on August 20, 2018 (ECF No. 131). This makes his later Motion for Relief from Judgment successive in addition to untimely.

Finally, Northington, in his Motion, fails to identify a palpable defect by which the Court was misled. *See* E.D. Mich. LR 7.1(h)(3). In the Motion, Northington focuses on the Magistrate Judge's rationale for denying leave to amend the complaint—that Northington failed to justify the delay in adding Russell and Trouten as defendants. (ECF No. 159, Motion for Relief from Judgment, PgID 2451–80; ECF No. 112, R&R, PgID 1196–97.) To that end, Northington alleged that he originally failed to include Russell and Trouten as defendants because of a combination of cognitive dysfunction, memory loss, loss of unfiled legal documents during transfers, failure of prison personnel to return his typewriter to him, the need to spend time responding to Motions to Dismiss, and the need to exhaust administrative remedies before adding claims to his suit. (ECF No. 159, Motion for Relief from Judgment, PgID 2458–62, 2466.) These arguments, however, fail to address the reason that the Court denied leave to amend in the August 3, 2018 Opinion and Order—which was that "[j]ustice does not require yet another amendment" because Northington had already amended his Complaint and because, in that Amended Complaint, Northington alleged that the

4

lawsuit "amends and supplements 1:10-CV-00424, [W.D.MI 2013]." (ECF No. 128, Opinion and Order, PgID 1336–38.) Northington did not address this reasoning, and therefore the Court has no basis to find that it was misled by a palpable defect when it entered the August 3, 2018 Opinion and Order. Accordingly, the Court denies Plaintiff's Motion for Relief from Judgment. (ECF No. 159.)

### B. ECF No. 216: Plaintiff's Motion for Reconsideration Regarding Order Dated 24 July 2019 (ECF No. 214)

On August 5, 2019, Northington filed a Motion for Reconsideration (ECF No. 216) regarding Magistrate Judge Majzoub's July 24, 2019 Order Regarding Procedural Motions (ECF No. 214). Magistrate Judge Majzoub's order addressed nine of Northington's procedural and discovery motions. Magistrate Judge Majzoub granted several of Northington's requests for filing extensions, denied his requests to file supplemental briefs in response to a pending Motion for Summary Judgment, granted his request to substitute, and denied his Motion to Strike Defendants' Reply. (ECF No. 214, Order Regarding Procedural Motions, PgID 3704–07.) Northington is not clear about which ruling he wishes the Court to reconsider, but he seems to focus on the denial of his motions to supplement—arguing that the supplemental briefs are material to facts in issue and that his failure to comply with the twenty-five page limit for briefs was due to cognitive

5

dysfunction. (ECF No. 216, Motion for Reconsideration, PgID 3714–15.) He also addresses the denial of his motion to strike. (*Id.* at PgID 3716.)

The motions to supplement and to strike denied by Magistrate Judge Majzoub's July 24, 2019 Order involved the briefing for a Motion for Summary Judgment (ECF No. 153). Magistrate Judge Majzoub issued a Report and Recommendation regarding that Motion for Summary Judgment on August 16, 2019. (ECF No. 219.) At this point, reconsideration of the denial of Northington's motions regarding the briefing would not affect the resolution of the Motion for Summary Judgment or this matter. Therefore, Plaintiff Northington's Motion for Reconsideration Regarding Order Dated 24 July 2019 (ECF No. 216) is denied as moot.[1]

### C. ECF No. 233: Plaintiff's Motion to Consolidate

On January 13, 2020, Northington asked the Court to consolidate this case with Case No. 19-cv-12329, another civil rights lawsuit that Northington filed against many of the same defendants. (ECF No. 233.) That suit was dismissed on

---

[1] Even if this motion was not considered moot because the Court has yet to adopt Magistrate Judge Majzoub's Report and Recommendation resolving the Motion for Summary Judgment (ECF No. 219), Northington failed to demonstrate a palpable defect that justifies reconsidering Magistrate Judge Majzoub's July 24, 2019 Order. *See* E.D. Mich. LR 7.1(h)(3) ("The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.")

October 11, 2019 under the three-strikes rule of the Prison Litigation Reform Act. *Northington v. Abdellatif*, No. 19-cv-12329, 2019 WL 5102972 (E.D. Mich. Oct. 11, 2019). "The objective of consolidation is to administer the court's business with expedition and economy while providing justice to the parties." *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866 (E.D. Mich. 2019) (citing *Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992)). Consolidating a closed case with an open case does not increase efficiency or economy in administering court business and is therefore not permitted under Federal Rule of Civil Procedure 42. Accordingly, the Court denies Plaintiff Northington's Motion to Consolidate. (ECF No. 233.)

### D. ECF No. 236: Motion for Leave to File the Prospective Consolidated Complaint as Second Supplemental Complaint

On January 21, 2020, Northington filed a motion asking the Court to allow him to file a second supplemental complaint. (ECF No. 236.) The proposed second supplemental complaint is also the complaint that Northington proposed to file as a consolidated complaint if the Court had granted his Motion to consolidate. (*Id.* at PgID 4103.) Northington relies on Federal Rule of Civil Procedure 15(d), which grants courts the discretion to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented," for this Motion. (*Id.* at PgID 4099.) The same

standard of review applies to motions for leave to amend a pleading and motions to supplement. *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. Sept. 30, 2002). Under this standard, leave to amend or supplement should be freely granted unless there is evidence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, there is evidence of bad faith, dilatory motive, undue prejudice to the opposing party, and futility of supplementation. The proposed supplemental complaint is dated August 15, 2019, so Northington could have filed this proposed supplemental complaint months earlier than he did. (ECF No. 233, Proposed Consolidated Complaint, PgID 4085.) To the extent that Northington blames the delay on the fact that he was busy writing and filing other motions in this and other lawsuits, that is not a valid reason for the delay. This case is nearly four years old and its lengthy history, like that of at least one of Northington's prior cases, "has not been a productive one in resolving this case—a primary result of Plaintiff's obstinance, excessive and frivolous litigious conduct, and threatening and offensive filings."[2] *Northington v. Armstrong*, No. 10-cv-424, 2013 WL 5435490,

---

[2] The rest of Judge Neff's observation is equally applicable here: "[o]ver the course of nearly three-and-a-half years, Plaintiff has refused to accept the Court's rulings, consuming an inordinate amount of the Court's time and resources in

*1 (W.D. Mich. Sept. 27, 2013). Further, Defendants have filed motions for summary judgment, which have been fully briefed, and Magistrate Judge Majzoub has issued a Report and Recommendation on those motions. (ECF No. 219.) Granting leave to supplement would greatly prejudice Defendants and unnecessarily delay resolution of this case. Therefore, the Court denies Plaintiff's Motion for Leave to File the Prospective Consolidated Complaint as Second Supplemental Complaint. (ECF No. 236.)

### E. ECF No. 240: Motion for Extension of Time to Reply to MDOC Defendants' Opposition (ECF No. 238)

On January 31, 2020, Northington asked the Court for an extension of the deadline to file a reply in support of his motions to consolidate and for leave to file the prospective consolidated complaint. (ECF No. 240.) The original deadline was January 31, 2020, and Northington asked for an extension to February 28, 2020 because his access to the law library was often limited. (*Id.* at PgID 4123.) Northington mailed his reply on February 19, 2020 and it was filed on February 24, 2020. (ECF No. 241, Reply, PgID 4170.) Defendants have not opposed the extension, so the Court finds no reason to deny Northington's request. Accordingly, Plaintiff's Motion for Extension is granted. (ECF No. 240.)

---

addressing repeated and duplicative appeals, objections, and motions for rehearing or reconsideration." *Id.*

9

## F. ECF No. 235: Attorney John C. Cardello's Notice and Motion to Withdraw As Counsel for Defendants Badawi Abdellatif, M.D.; Patrick Geml, P.A.; and Rasheed Bashir, M.D.

On January 15, 2020, Attorney John C. Cardello, who had appeared on behalf of Badawi Abdellatif, M.D.; Patrick Geml, P.A.; and Rasheed Bashir, M.D., notified the Court that he is no longer employed by the Chapman Law Group. (ECF No. 235.) He stated that Defendants Abdellatif, Geml, and Bashir continue to be represented by Ronald W. Chapman, Sr. and Wedad Ibrahim and that his withdrawal will not adversely affect those defendants. (*Id.* at PgID 4097.) He therefore asked the Court to withdraw him as counsel. (*Id.*) The Court finds that Attorney Cardello's withdrawal will not prejudice Defendants Abdellatif, Geml, and Bashir and therefore grants his Motion to Withdraw. (ECF No. 235.)

## III. CONCLUSION

For the reasons stated above, the Court:

1) DENIES Plaintiff's Motion for Relief from Judgment (ECF No. 159);

2) DENIES Plaintiff's Motion for Reconsideration (ECF No. 216);

3) DENIES Plaintiff's Motion to Consolidate (ECF No. 233);

4) DENIES Plaintiff's Motion for Leave to File Prospective Consolidated Complaint (ECF No. 236);

5) GRANTS Plaintiff's Motion for Extension of Time to Reply (ECF No. 240); and

6) GRANTS Counsel John C. Cardello's Motion for Withdrawal of Attorney (ECF No. 235).

IT IS SO ORDERED.

Dated: April 9, 2020

s/Paul D. Borman  
Paul D. Borman  
United States District Judge