UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY NORTHINGTON,

                Plaintiff,

v.

BADAWI M. ABDELLATIF, LISA ADRAY,
RASHED BASHIR, PATRICK J. GEML,
GARY KIRSTEIN, JEFFREY C. STIEVE,
EUNICE TAYLOR, HEIDI WASHINGTON,
and DANIEL HEYNS.

                Defendants.
_____/

Case No. 16-cv-12931

Paul D. Borman
United States District Judge

OPINION & ORDER:
(1) REJECTING PLAINTIFF'S OBJECTIONS;
(2) ADOPTING MAGISTRATE JUDGE MAJZOUB'S AUGUST 16, 2019
REPORT AND RECOMMENDATION (ECF NO. 219);
(3) GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
(ECF NOS. 153, 173); and
(4) ENJOINING PLAINTIFF FROM FILING ANY ADDITIONAL MOTIONS,
PAPERS, OR SUBSEQUENT ACTIONS WITHOUT LEAVE OF COURT

## I.      INTRODUCTION

In this pro se civil rights lawsuit, Plaintiff Gary Northington alleges that

Defendants were deliberately indifferent to his serious medical needs in violation of

the Eighth Amendment. (ECF No. 13, Amended Complaint, PgID 95–112.) On

August 16, 2019, Magistrate Judge Mona K. Majzoub issued a Report and

Recommendation (R&R) addressing the Motion for Summary Judgment filed by

Defendants Lisa Adray, Dr. Jeffrey Steive, Eutrilla Taylor, Heidi Washington,

Daniel Heyns, and Dr. Gary Kirstein (MDOC Defendants), (ECF No. 173), as well as the Motion for Summary Judgment filed by Defendants Badawi Abdellatif, M.D., Patrick Geml, P.A., and Rasheed Bashir, M.D. (Corizon Defendants), (ECF No. 153). (ECF No. 219, R&R.) In the R&R, Magistrate Judge Majzoub recommended that the Court grant both Motions for Summary Judgment and dismiss the case. (*Id.*)

Now before the Court are Plaintiff Northington's Motion for Enlarged Objections and his 29 objections to Magistrate Judge Majzoub's August 16, 2019 R&R. (ECF No. 232.) The Corizon Defendants timely filed a response (ECF No. 234), and Northington filed a reply (ECF No. 239). The Court denies Northington's Motion for Enlarged Objections because most of Northington's objections are improper. (ECF No. 232.) Some of his objections identify specific, cognizable issues for review, however, and the Court considers those objections properly filed and addresses them on their merits.

Regarding the proper, specific objections, the Court rejects them and finds that Magistrate Judge Majzoub correctly resolved this case in her August 16, 2019 R&R. (ECF No. 219.) Accordingly, the Court adopts the R&R, grants summary judgment to all remaining defendants, and dismisses the case. The Court further finds that Plaintiff Northington has repeatedly abused the judicial process by overwhelming this and other courts with non-meritorious lawsuits and duplicative, frivolous motions. The Court therefore enjoins Northington from filing further

motions in this action and from filing additional suits unless he satisfies the conditions specified below.

## II.    BACKGROUND

The Court has reviewed the record and finds that Magistrate Judge Majzoub's summary of the factual background of this case in the August 16, 2019 R&R is accurate. (ECF No. 219, R&R, PgID 3786–95.) Northington objects to many of Magistrate Judge Majzoub's factual findings, but, for the reasons stated in the analysis section, the Court rejects his objections and adopts the factual background as stated in the R&R. That section details Plaintiff Northington's medical care from November of 2012 through June of 2016. (*Id.*) During that time, Northington was treated for respiratory complaints, COPD, asthma, hypertension, chest pain, heat-related dizziness, recurring swelling in his lower legs, an infection in his left leg that required hospitalization, low blood pressure, loss of vision in his right eye, post-nasal drip, was tested for celiac disease, was treated by a dietician who prescribed a low-sodium diet and vegetarian "snack bags," and was ultimately hospitalized for a coronary artery bypass graft. (*Id.*)

Magistrate Judge Majzoub also summarized the procedural background in the R&R. (ECF No. 219, R&R, PgID 3795–96.) She noted that Northington's claims against Defendants Bobby Echols and Charles Allen were dismissed on May 22, 2017, and that his claims arising at the Kinross and Mound correctional facilities,

3

his claims against Corizon Health, Inc., Prison Health Services, and Correctional Medical Services, his claims under the Fourteenth Amendment, First Amendment, and RICO, and his claims for money damages against the MDOC Defendants in their official capacities were all dismissed on August 3, 2018. (*Id.*)

Since the R&R was filed on August 16, 2019 Northington requested and received three extensions of time to file objections, extending the deadline from August 30 to November 15. (ECF No. 224.) Northington then requested a stay of the case because he was scheduled to undergo surgery. (ECF No. 225.) The Court granted the stay on November 6, 2019, and instructed Northington to "contact the Court after his release from the hospital." (*Id.*)

On January 6, 2020, Northington filed his Notice Regarding Stay and Surgery (ECF No. 230), as well as a table of contents for his objections (ECF No. 231), his Motion for Enlarged Objections (ECF No. 232), and his objections (ECF No. 232). In the Notice Regarding Stay and Surgery, Northington informed the Court that his surgery was postponed. (ECF No. 230.) Northington has since filed three additional motions and two replies. (ECF Nos. 233, 236, 239, 240, 241.) The stay is lifted.

### III.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the magistrate judge's Report and Recommendation to which a party has filed "specific written objections" in a

timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks omitted). A general objection, or one that merely restates arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). A fact is "material" for purposes of a summary judgment motion where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469 (6th Cir. 2007) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). A dispute over a material fact is genuine "if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether there are genuine issues of material fact for trial, the court must draw all reasonable inferences in favor of the non-moving party. *See Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015). At the same time, the non-moving party must produce enough evidence to allow a reasonable jury to find in its favor by a preponderance of the evidence. *Anderson*, 477 U.S. at 252. "The 'mere possibility' of a factual dispute is not enough." *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

## IV.     ANALYSIS

### A. Motion for Enlarged Objections (ECF No. 232)

Plaintiff Northington filed a Motion for Enlarged Objections along with a 68-page document containing 29 enumerated objections and 119 pages of exhibits, including an index, for a total of 192 pages. (ECF Nos. 232; 232-1.) In the Eastern District of Michigan, objections must conform with the requirements of Local Rule 7.1, which sets a 25-page limit. E.D. Mich. LR 72.1(d)(5) ("LR 7.1 governs the form of objections, responses, and replies."); E.D. Mich. LR 7.1(d)(3)(A). Northington

therefore seeks permission to file 43 extra pages of objections and 119 pages of exhibits in support of those objections. The Court denies Northington's request because the majority of his objections are improper.

Objections to a Magistrate Judge's R&R are necessarily limited to the facts and legal conclusions made in that particular report—a party may not request reconsideration of prior rulings, provide new evidence without leave of court, or raise new claims by filing objections. Federal Rule of Civil Procedure 72 allows parties to file "specific written objections *to the proposed findings and recommendations*." Fed. R. Civ. P. 72(b)(2) (emphasis added). Further, under Local Rule 72.1, those specific written objections must "specify the part of the order, proposed findings, recommendations, or report to which a person objects." E.D. Mich. LR 72.1(d)(1)(A). These rules reflect the purpose of the Magistrate's Act, which is "to improve access to the federal courts and aid in the efficient administration of justice," by narrowing the focus of the district court to the issues "at the heart of the parties' dispute." *Howard*, 932 F.2d at 509 (internal citations omitted). Thus, objections should be used to pinpoint any crucial errors made by the Magistrate Judge, not to lodge a general objection to the entire report or past rulings. *See id.* ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.")

The majority of Northington's objections are improper because they: (a) make unfounded accusations of bias, ex parte contact, bribe-taking, and fraud against Magistrate Judge Majzoub; (b) contest prior rulings not relevant to the motions at issue; or (c) raise new claims. In Objection 1, Northington accuses Magistrate Judge Majzoub of "intrinsic bias," "extrajudicial bias," and "EXPARTE contact with Defense Attorney(s)." (ECF No. 232, Objections, PgID 3859–66.) Northington frequently refers back to this accusation of bias, and, throughout the remaining objections, argues that Magistrate Judge Majzoub's factual findings and legal conclusions were fraudulent or abusive, rather than simply erroneous. (*See id.* at 3867, 3871–72, 3875–77, 3879–80, 3882, 3884, 3886–87, 3890–93, 3896, 3898–3907, 3909, 3912–13, 3915–16, 3919, 3923–25.) For example, in Objection 14, Northington wrote, "[t]his is classic judicial abuse of manipulating the record for excuses to dismiss but ignoring evidence favorable to Plaintiff (Objection #1)." (*Id.* at PgID 3898.) In Objection 15, Northington goes so far as to accuse Magistrate Judge Majzoub as acting as an agent for the defendants, using "an Olinsky Communist tactic," and compared this case to a "Stalin-show trial." (*Id.* at PgID 3901.) He repeats the allegation that Magistrate Judge Majzoub acted as an agent for the defendants several more times, accuses the entire judiciary of participating in "Nazi-like behavior" and states that Magistrate Judge Majzoub accepted bribes. (*Id.* at PgID 3903, 3905, 3907, 3915–16, 3919.) He rounds out his accusations with the

statement, "[d]ismissal is Majzoub literally imposing SHARIA LAW DEATH PENALTY on Plaintiff by fraud." (*Id.* at PgID 3924.) These unfounded accusations are not proper objections, are inappropriate, and represent abuses of the judicial process. The Court will not countenance them.

Northington also objects to prior rulings not at issue in the Motions for Summary Judgment and argues that the process resulting in the R&R was unfair. In Objection 28, Northington challenges this Court's August 3, 2018 Opinion and Order adopting a prior R&R dismissing Northington's First and Fourteenth Amendment claims. (*Id.* at 3923–24.) He accuses Magistrate Judge Majzoub of dismissing those claims "with malicious and wanton intent to more easily manipulate fraudulent dismissals," and reiterates his accusation of bias. (*Id.*) Those claims had already been dismissed and were therefore not the subject of the August 16, 2019 R&R now at issue. Therefore, this objection is improper.

The same is true of Northington's other objections regarding the way this litigation has proceeded. His objections regarding his failure to receive a paginated copy of one of the motions for summary judgment, the use of some incorrect citations to the record in the R&R, and his contention that Defendants Kirstein and Washington failed to provide certain discovery documents[1] do not address the

---

[1] Defendants stated that the requested documents do not exist. (ECF No. 232-1, Interrogatory Response, PgID 3967.)

factual findings or legal conclusions in the R&R and are therefore improper. (*Id.* at PgID 3776, 3902–03, 3909–11.)

One of his procedural objections requires additional explanation. Northington argues, in Objection 20, that the failure to provide certain discovery documents denied him the opportunity to show essential facts so the Court should, under Federal Rule of Civil Procedure 56(d)(1), deny the MDOC Defendants' Motion for Summary Judgment (ECF No. 173) and allow more time for discovery. (ECF No. 232, Objections, PgID 3909–11.) In support of this argument, he states, "[t]his entire OBJECTION (pp. 1 to end) and the MOTION FOR STAY (ECF #162) are each a DECLARATION." (*Id.* at 3910.) This is a reference to his assertion, in the Motion for Enlarged Objections, that "the OBJECTIONS are also a series of affidavits that normally would be attached but are included therein because that is the only way Plaintiff can write and understand." (ECF No. 232, Motion for Enlarged Objections, PgID 3856.)

Northington's objections are not valid affidavits. An affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56 (c)(4). As described throughout this opinion, most of what Northington writes in his objections are unfounded accusations or assertions about things of which he has no personal knowledge. For instance, Northington does not have

personal knowledge that the requested documents, which Defendants said do not exist, actually do exist. He cannot transform his objections, which are based on conjecture, into evidence by signing the document under penalty of perjury. *See Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) (sworn document containing "conclusory statements unadorned with supporting facts [was] insufficient to establish a factual dispute"). The Court does not consider the objections a series of affidavits, and therefore will not address Objection 20 further.

Finally, Northington uses one of his objections to raise an entirely new claim. In Objection 2, Northington argues that, throughout the litigation of this case, he was "excluded from participation in and/or denied the benefits of the services, programs, or activities of the Court" based on his disabilities and in violation of the Americans with Disabilities Act. (ECF No. 232, Objections, PgID 3866–67.) This is a separate cause of action that was not included in his complaint and was not at issue in the R&R. Therefore, Objection 2 is improper.

These improper objections consume the majority of Northington's 68 pages, so the Court denies his Motion for Enlarged Objections. (ECF 232.) Rather than strike Northington's entire set of 29 objections, as encouraged by the Corizon Defendants, (ECF No. 234, Corizon Response, PgID 4094), however, the Court addresses the portions of Northington's objections that can be read to raise valid challenges to Magistrate Judge Majzoub's R&R. *See Spotts v. United States*, 429

F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) for rule that pro se filings should be construed liberally).

**B. Objections**

Magistrate Judge Majzoub recommended granting both sets of defendants' Motions for Summary Judgment for four reasons: (1) Northington failed to exhaust his claims against Defendant Geml; (2) Northington failed to produce enough evidence to meet the high standard of proof for a claim of deliberate indifference to a serious medical need on his claims against Defendants Abdellatif, Bashir, and Adray; (3) Defendants Stieve, Kirstein, Washington, and Heyns were not deliberately indifferent and had no direct, personal involvement in Northington's care, as required for a § 1983 claim; and (4) Northington's claims against Defendant Taylor are grounded in the First and Fourteenth Amendments and were therefore dismissed on August 3, 2018. (ECF No. 219, R&R, PgID 3798–3811.)

Northington objects to these conclusions by arguing that the factual basis for them is flawed because Defendants fraudulently concealed evidence and falsified his medical records, (ECF No. 232, Objections, PgID 3860–64, 3871, 3880–81, 3884, 3886–89, 3892–93, 3918–19, 3921), and because Magistrate Judge Majzoub failed to view the facts in the light most favorable to Northington, the non-moving party, (*Id.* at PgID 3863, 3884, 3886, 3890, 3892, 3898, 3900–01, 3914–15, 3918).

First, Northington's allegations that Defendants fraudulently concealed evidence or falsified his medical records are primarily complaints that the defendants who treated him failed to document every symptom he ever reported or that they recorded his symptoms in different terms than those he used to describe them. (*See, e.g.*, ECF No. 232, Objection 9, PgID 3882–48) ("Abdellatif's nondescript terms are meaningless dribble for purposes of diagnosis and relevant treatment, like saying 'abdominal pain,' for a deadly gangrenous inguinal hernia.") He also contends that the format of the medical records kept by Defendant Abdellatif made the records fraudulent because he used a cut and paste tool. (ECF No. 232, Objection 11, PgID 3888–90.) There is no requirement that medical providers record every single reported symptom or self-diagnosis or that they use the exact language used by the patient, and there is certainly no requirement that medical providers manually type every word used in a medical record. These allegations do not amount to falsification of records or fraudulent concealment and they do not cast doubt on the factual findings in the R&R.

Northington's more inflammatory allegations of falsification of his medical records by deleting diagnoses of COPD and IBS lack probative evidentiary support. (ECF No. 13, Amended Complaint, PgID 105–106; ECF No. 232, Objections 7 & 8, PgID 3880–82.) The primary evidence Northington relies on for these allegations is his Amended Complaint (ECF No. 13). He argues that Magistrate Judge Majzoub

erred by failing to treat the allegations in it as true for purposes of summary judgment even though it is verified. (ECF No. 232, Objection 24, PgID 3914–15.)

Northington is correct that, because he signed the Amended Complaint under penalty of perjury, it is verified and "therefore carries the same weight as would an affidavit for the purposes of summary judgment." *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). However, Magistrate Judge Majzoub did not err by failing to take every fact alleged in it as true. The force and effect of an affidavit depends on whether it was "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A verified complaint containing only conclusory assertions without supporting facts or a showing of personal knowledge cannot, on its own, create an issue of material fact. *See Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (finding conclusory allegations in verified complaint insufficient to survive motion for summary judgment).

Here, Northington's accusations of falsification and deletion of past diagnoses from medical records are conclusory and fail to make a showing of personal knowledge. He does not explain the basis for his assertion that Defendant Geml changed his medical records to hide symptoms of COPD or that he bragged about the cost savings from the deletion. (ECF No. 13, Amended Complaint, PgID 105–106; ECF No. 232, Objections 7 & 8, PgID 3880–82.) Magistrate Judge Majzoub

did not err in disregarding these accusations when making factual findings in the R&R because Northington's bare accusations do not establish an issue of material fact on fraudulent concealment or falsification of medical records.

Similarly, Magistrate Judge Majzoub did not fail to view the facts in the light most favorable to Northington, as he argues throughout his objections. (*See* ECF No. 232, Objections, PgID 3863, 3884, 3886, 3890, 3892, 3898, 3900–01, 3914–15, 3918). The requirement, at summary judgment, that the Court view the evidence in the light most favorable to the non-moving party does not alter the non-moving party's duty "to support the party's factual assertions with admissible evidence." *Arucan v. Cambridge E. Healthcare/Save SeniorCare LLC*, 347 F. Supp. 3d 318, 336 (E.D. Mich. 2018). The non-moving party must still produce enough evidence that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Here, the evidence Northington produced consists of his annotated medical records, grievances he filed relating to his medical treatment, his verified complaint (ECF No. 13), and several of his own affidavits. (*See* ECF Nos. 180, 180-1, 180-2, 181, 181-1, 182, 182-1.) Northington contends that Magistrate Judge Majzoub improperly ignored this evidence when she summarized his claims as based on a refusal to order diagnostic tests to determine the cause of chest pains and allergic reactions. (ECF No. 232, Objection 3, PgID 3867.) He argues that the evidence, if

viewed in the light most favorable to him, shows that he suffered from a plethora of untreated maladies, from "life-threatening RESPIRATORY FAILURE, and severe lung and heart INJURY(S) caused" by his unidentified allergy, to COPD, to allergy-caused frequent hypotensive emergencies, to an unidentified food allergy, to heart failure, to myocardial infarctions, to the ongoing swelling in his leg, and more. (*See id.* at 3867–79.)

There are three problems with Northington's argument. First, Magistrate Judge Majzoub did make several of the factual findings that Northington argues she omitted. (ECF No. 219, R&R, PgID 3786–95.) She found that he was diagnosed with mild COPD in 2012 (*id.* at PgID 3786–87), she found that he frequently reported to health care with numerous symptoms of cardiovascular and respiratory problems (*id.* at PgID 3787–95), she documented his initial leg infection as well as his complaints of recurring problems with it (*id.* at PgID 3788–89, 3792–94), she documented his complaints of allergic reactions to various foods, including wheat, and allergic reactions to skin lotions, (*id.* at PgID 3788–92, 3794), she recorded his complaints of ear pain and loss of vision (*id.* at PgID 3791, 3793), and otherwise documented the majority of his complaints. Thus, she did not ignore Northington's evidence and did not fail to view the facts in the light most favorable to him.

Second, Northington relies heavily on his proposed supplemental complaint (ECF No. 100) in arguing that there is "substantially more to the claims than what

[Magistrate Judge] Majzoub stated." (ECF No. 232, Objections, PgID 3867.) The Court, however, denied his request to file that supplemental complaint, which made the allegations therein irrelevant. (ECF No. 128, Opinion and Order, PgID 1336–37 n.3.) Third, and finally, much of Northington's proffered evidence is not sufficiently probative on the question of his ultimate diagnoses. Northington's affidavits, grievances, and the notes he added to his medical records are powerful evidence on his subjective symptoms and experiences, but they do not establish the fact of a diagnosis. Northington is not a medical professional and he did not establish any foundation upon which it could be concluded that he is competent to testify on a matter such as whether the ear pain he was experiencing is a chronic infection or something else. (*See* ECF No. 232, Objection 18, PgID 3905–07); Fed. R. Civ. P. 56(c)(4). Therefore, Magistrate Judge Majzoub did not err by omitting many of Northington's self-diagnoses from the factual findings of the R&R.

Northington also attempted to file objections to Magistrate Judge Majzoub's legal conclusions that: (1) he failed to exhaust his claims against Defendant Geml (ECF No. 232, Objection 22, PgID 3912–13); (2) he failed to produce enough evidence to meet the high standard of proof for a claim of deliberate indifference to a serious medical need on his claims against Defendant Adray (ECF No. 232, Objection 26, PgID 3916–19); (3) Defendant Kirstein was not deliberately indifferent (ECF No. 232, Objection 19, PgID 3907–09); and (4) Northington's

claims against Defendant Taylor are grounded in the First and Fourteenth Amendments and were therefore dismissed on August 3, 2018 (ECF No. 232, Objection 27, PgID 3919–23).

These objections are flawed in two ways. First, all four of them are tainted with the accusations of bias and fraud against Magistrate Judge Majzoub that the Court refuses to countenance. (*See, e.g.*, ECF No. 232, Objection 27, PgID 3919 ("This dismissal was abuse by Magistrate MAJZOUB . . . after her exparte [sic] and extrajudicial contact that she hid until caught with Defense Counsel in 2019.").) Second, Northington does not address the application of the relevant legal standard to the facts in these objections.

For instance, in Objection 26 Northington lists the "wrongful acts" he alleged against Defendant Adray without explaining how any of those acts meets the high standard of proof for a claim of deliberate indifference to a serious medical need. (ECF No. 232, Objection 26, PgID 3916–19.) He also does not explain where Magistrate Judge Majzoub erred in her careful analysis of each of the eight alleged instances of denial of care, and, upon review, the Court does not find any such error—none of the alleged maladies that Defendant Adray refused to document or treat were sufficiently serious to form the basis of an Eighth Amendment claim. *See Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895, 899–900 (6th Cir. 2004)

(requiring obvious need for urgent medical attention or delay in care causing significant harm to establish serious medical need).

Northington also fails to acknowledge that he must show both the objective denial of care for "a 'sufficiently serious' medical need;" and the subjective "sufficiently culpable state of mind in denying medical care" to show an Eighth Amendment violation[2] in his objections regarding Defendants Kirstein. *Blackmore*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), and *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)). Northington argues that Defendant Kirstein's approval of tinted lenses for one year, instead of indefinite approval, was deliberate indifference to his medical need caused by retinopathy. (ECF No. 232, Objection 19, PgID 3907–09.) Assuming that there was factual support for the allegation of retinopathy, Northington still does not point to any evidence in the record showing that Defendant Kirstein "subjectively perceived facts from which to infer substantial risk to [Northington], that he did in fact draw the inference, and that he disregarded that risk." *Phillips v. Roane Cty.*, 534 F.3d 531, 540 (6th Cir. 2008). The Court is unable to find any such evidence and therefore concludes that Magistrate Judge Majzoub

---

[2] These requirements ensure that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

correctly found that Defendant Kirstein was not deliberately indifferent. (*See* ECF No. 219, R&R, PgID 3806.)

Northington's objections regarding Magistrate Judge Majzoub's conclusions on his claims against Defendants Geml and Taylor also fail to apply the relevant legal analysis. Northington relies on the filing date of his proposed supplemental complaint to contest the conclusion that his grievances against Defendant Geml were not properly exhausted, disregarding, again, this Court's denial of his Motion to File Supplemental Complaint. (ECF No. 128, Opinion and Order, PgID 1336–37 n.3.) The supplemental complaint is not an operative complaint and therefore Northington's claims against Defendant Geml were not properly exhausted. Finally, Northington wholly ignores Magistrate Judge Majzoub's correct conclusion that his claims against Defendant Taylor, who he says improperly rejected several of his grievances, are First and Fourteenth Amendment claims. (ECF NO. 219, R&R, PgID 3811.) Instead, Northington lists the grievances at issue and offers the conclusory assertion that the denial of the grievances delayed his medical care. (ECF No. 232, Objection 27, PgID 3919–23.) This is not a persuasive argument.

The Court finds that none of Northington's objections to the R&R identify any erroneous factual findings or legal conclusions. Accordingly, the Court adopts Magistrate Judge Majzoub's August 16, 2019 R&R in its entirety.

## C. Injunction

Federal courts have the "inherent power and a constitutional obligation to protect [their] jurisdiction from conduct which impairs [their] ability to carry out Article III functions." *In re Gravitt*, No. 86-1617, 1987 WL 36293, *1 (6th Cir. Feb. 10, 1987) (citing *In re Martin-Trigona*, 737 F.2d 1254 (2nd Cir.1984)). Courts may use this power to enjoin prolific filers of frivolous and abusive lawsuits whose litigation conduct demonstrates "an egregious misuse of the judicial system" from continuing to abuse the judicial process by filing frivolous motions and lawsuits. *Bennett v. Thorburn*, Nos. 87–2169, 88–1156, & 88–1219, 1988 WL 128097 (6th Cir. Dec. 1, 1988).

The Court finds that Northington is a prolific filer of frivolous lawsuits in which he absorbs an enormous amount of judicial resources with repetitive, vexatious, and meritless motions. In his Amended Complaint, Northington wrote that "this new lawsuit amends and supplements 1:10-cv-00424," one of his prior civil rights cases in the Western District of Michigan. (ECF No. 13, Amended Complaint, PgID 91.) That case was dismissed with prejudice under Federal Rule of Civil Procedure 41(b) "for Plaintiff's repeated failure to comply with th[e] [c]ourt's orders." *Northington v. Armstrong*, No. 10-cv-424, 2013 WL 5435490, *1 (W.D. Mich. Sept. 27, 2013). While dismissing that case, Judge Neff wrote:

> Over the course of nearly three-and-a-half years, Plaintiff has refused to accept the Court's rulings, consuming an inordinate amount of the Court's time and resources in addressing repeated and duplicative appeals, objections, and motions for rehearing or reconsideration, a tactic well-familiar to both the Magistrate Judge and the undersigned. Of even greater concern, Plaintiff's focus has diverged from substantive legal claims to outrageous and offensive accusations and behavior in defiance of the Court.

*Id.* She noted that Northington denied failing to follow court orders and attributed the recommendation of dismissal "to possibly undue bias against him or retaliation, characterizing the Court's failure to grant him relief . . . as the Court 'becom[ing] a knowing accomplice to DEFENDANTS and DEFENSE COUNSEL in PREMEDITATED MURDER." *Id.* Judge Neff also found unavailing his attempt to explain his conduct, which included "alleged threats of biblical retribution" and "numerous assertions that the case history and facts set forth by the Magistrate Judge are false or patently fraudulent," as the result of cognitive dysfunction. *Id.*

Despite this dismissal, Northington did not change his approach to litigation. In this case, for nearly four years, Northington has filed an inordinate number of frivolous motions, has repeatedly asked the Court to reconsider even its least consequential procedural rulings, and, just as he did in the case before Judge Neff, has shifted his focus "from substantive legal claims to outrageous and offensive accusations." *Id.* Instead of contending with Magistrate Judge Majzoub's factual

findings and legal conclusions, Northington resorted to accusations of bias, fraud, and complicity in criminal conduct. This is an egregious abuse of the judicial system.

Northington's abusive litigation conduct has not been limited to this case and the prior case before Judge Neff. While this case has been pending, Northington filed a separate suit based on the same conduct at issue here. *See Northington v. Abdellatif*, No. 19-cv-12329, 2019 WL 5102972 (E.D. Mich. Oct. 11, 2019). That suit was dismissed under the three-strikes rule of the Prison Litigation Reform Act. This Court found that Plaintiff Northington has "previously been notified of his three-strike status and been denied leave to proceed without prepaying the filing fee," and that "on May 19, 2003, the United States Supreme Court ruled that Plaintiff had repeatedly abused the Court's process and directed the Clerk of the Court not to accept any further petitions from Plaintiff in noncriminal cases unless he paid the full filing fee." *Id.* (citing *Northington v. Michigan Dep't of Corr.*, 538 U.S. 919 (2003)). Northington is unquestionably a prolific filer of frivolous and abusive lawsuits.

Accordingly, Northington is enjoined from filing, instituting, continuing or prosecuting any civil action in this court without first obtaining leave. In seeking leave to file, Northington must certify that the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court. He must certify that the claim or claims are not frivolous or malicious, or taken

in bad faith. The motion for leave must be captioned "Application Pursuant to Court Order Seeking Leave to File" and must contain a copy of this opinion and order. Failure to strictly comply with these terms will be sufficient grounds for summarily denying leave to file. *See Sassower v. Thompson, Hine & Flory*, 986 F.2d 1422 (6th Cir. 1993).

## V.     CONCLUSION

For those reasons, the Court hereby: (1) REJECTS Defendant's Objections (ECF No. 232); (2) ADOPTS the Report and Recommendation of Magistrate Judge Majzoub (ECF No. 219); (3) GRANTS Defendants' Motions for Summary Judgment (ECF Nos. 153, 173); (4) ENJOINS Plaintiff Northington from filing any additional motions, papers, or subsequent actions without leave of court; and (5) DISMISSES the case.

IT IS SO ORDERED.

Dated:  April 9, 2020                                        s/Paul D. Borman
                                                                      Paul D. Borman
                                                                      United States District Judge